**No. 14-4327**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Appellee*

v.

TYRONE YANCEY,

*Appellant*

Appeal From the United States District Court
for the Eastern District of North Carolina
Western Division

**Motion and Brief of Counsel Submitted Pursuant to**
***Anders v. California,* 386 U.S. 738 (1967)**

Dennis M. Hart
1301 Pennsylvania Avenue N.W.
Suite 500
Washington, D.C. 20004
202.347.1820

Criminal No. 5:13-cr-00191-FL-1          August 25, 2014

# TABLE OF CONTENTS

Table of Authorities........................................... ii

Statement of Jurisdiction..................................... 2

Statement of the Issues....................................... 2

Statement of the Case........................................ 3

Statement of Facts........................................... 3

Summary of Arguments........................................ 5

Arguments.................................................. 6

    I    The District Court Complied With The Requirements Of
Rule 11 In Accepting The Guilty Plea of Appellant............. 6

        A. Standards of Review................................... 7

        B. Adherence to Rule 11 Requirements..................... 7

    II    The District Court's Sentence Cannot Be Challenged On This
Record On The Basis That It Was Not Reasonable Under
18 U.S.C. 3553.......................................... 11

        A. Standard of Review.................................. 11

        B. Procedural Error Analysis............................ 12

        C. Substantive Reasonableness Analysis................... 16

i

III    The Present Record Does Not Contain Any Evidence To Support A Claim Of Ineffectiveness Of Counsel. . . . . . . . . . . . . . 18

    A. Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

    B. Lack of Any Record Evidence of Ineffectiveness. . . . . . . . . . . . 19

IV    The Present Record Does Not Contain Any Evidence To Support A Claim of Prosecutorial Misconduct. . . . . . . . . . . . . . . 20

    A. Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

    B. There Is No Record Evidence of Prosecutorial Misconduct. . . . . 21

V    The *Anders* Procedures. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

VI    Motion of Counsel to Withdraw. . . . . . . . . . . . . . . . . . . . . . . . . 22

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

# TABLE OF AUTHORITIES

*Anders v. California,* 386 U.S. 738 (1967). . . . . . . . . . . . . . . . . . . . . . . . . . 1, 21, 22

*Ellis v. United States,* 356 U.S. 674 (1958). . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Gall v. United States*, 552 U.S. 38 (2007).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Jones v. Barnes*, 463 U.S. 745 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429 (1988). . . . . . . . . . . . . 22

*Penson v. Ohio,* 488 U.S. 75 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Strickland v. Washington*, 466 U.S. 668 (1984). . . . . . . . . . . . . . . . . . . . . . . . . 18

*United States v. Allen,* 491 F.3d 178 (4th Cir. 2007). . . . . . . . . . . . . . . . . . . . . 20

*United States v. Alerre,* 430 F.3d 681 (4th Cir. 2005). . . . . . . . . . . . . . . . . . . . 20

*United States v. Bartko*, 728 F.3d 429 (4th Cir. 2013), *cert. denied*, __U.S.__,
    134 S.Ct. 1043 (2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20, 21

*United States v. Boulware,* 604 F.3d 832 (4th Cir. 2010). . . . . . . . . . . . . . . . . . 17

*United States v. Dyess,* 730 F.3d 354 (4th Cir. 2013). . . . . . . . . . . . . . . . . . . . . 18

*United States v. Fugit,* 703 F.3d 248 (4th Cir. 2012). . . . . . . . . . . . . . . . . . . . . 18

*United States v. Goins,* 51 F.3d 400 (4th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Good,* 25 F.3d 218 (4th Cir. 1994).. . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Hernandez*, 603 F.3d 267 (4th Cir. 2010). . . . . . . . . . . . . . . . . 12

*United States v. Johnson*, 445 F.3d 339 (4th Cir. 2006). . . . . . . . . . . . . . . . . . . . . 17

*United States v. Lynn*, 592 F.3d 572 (4th Cir. 2010). . . . . . . . . . . . . . . . . . . . 12, 17

*United States v. Martinez,* 277 F.3d 517 (4th Cir. 2002). . . . . . . . . . . . . . . . . . . . 7

*United States v. McCoy*, 518 F.2d 1293 (4th Cir. 1975). . . . . . . . . . . . . . . . . . . 23

*United States v. Montgomery*, 519 F.2d 1400 (4th Cir. 1975). . . . . . . . . . . . . . . . 23

*United States v. Stephens,* 530 F.2d 971 (4th Cir. 1975). . . . . . . . . . . . . . . . . . . 23

*United States v. Thompson*, 595 F.3d 544 (4th Cir. 2010). . . . . . . . . . . . . . . . . . 17

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 14-4327

UNITED STATES OF AMERICA,

*Appellee*

v.

TYRONE YANCEY,

*Appellant*

Appeal From The United States District Court
For The Eastern District Of North Carolina
Western Division

**Motion and Brief of Counsel Submitted Pursuant to**
***Anders v. California,* 386 U.S. 738 (1967)**

Pursuant to *Anders v. California,* 386 U.S. 738 (1967), counsel in this

matter moves the Court to permit him to withdraw from further representation

because counsel is unable to advance any meritorious arguments in support of

-1-

appellant's appeal.    As grounds for this request, counsel would ask the Court to consider the issues outlined below as requested by appellant and those independently examined by present counsel.

## Statement of Jurisdiction

This is an appeal from a final judgment order and commitment that was entered on April 9, 2014.  It is a final order of the district court for purposes of 28 U.S.C. §1291.

The district court's jurisdiction was pursuant to 21 U.S.C. §841.  The notice of appeal was filed on April 22, 2014 (Doc. 37)

This Court has jurisdiction pursuant to 28 U.S.C. §1291; 18 U.S.C. §3741 and §3742.

## Statement of the Issues

Whether there is any record evidence in the present case that would support an argument for ineffective assistance of counsel that would address the written waiver by appellant of his appeal rights?

Whether the plea proceeding satisfies the requirements of Rule 11?

Whether there are any defects in the sentence or sentence proceedings that

-2-

require a remand for re-sentencing?

## Statement of the Case

Pursuant to a local police investigation in Henderson, North Carolina, undercover purchases of controlled substances were made in 2012 which resulted in a two count federal indictment which charged appellant with drug offenses in violation of 21 U.S.C. 841(a)(1).

A plea to count one of the indictment was based on a written plea agreement and entered into before U.S. Magistrate Judge Robert B. Jones on September 11, 2013.  On April 9, 2014, the appellant appeared before the Honorable Louise Wood Flanagan and was sentenced to 87 months incarceration.   This appeal followed.

## Statement of Facts

During the period 2010-2012, local law enforcement officials conducted investigations into drug activity in the Henderson, North Carolina area.  As part of that investigation, undercover purchases of controlled substances were made in 2012 that involved the appellant.

On July 1, 2013, a two count indictment was returned which alleged the distribution of controlled substances by the appellant on March 22, 2012 (count 1)

-3-

and June 14, 2012 (count 2) in violation of 21 U.S.C. 841. (Doc. 1)   At his initial

appearance, appellant was appointed counsel and advised of his rights. After a bail

hearing, appellant was held without bond pursuant to 18 U.S.C. 31242. (Doc. 16).

Initial counsel later withdrew based on a claim of conflict of interest. (Doc. 17)

Replacement counsel was appointed on July 19, 2013.   Pursuant to discussions

between the parties, a written plea agreement was entered into which required the

entry of a plea of guilty to count one of the indictment.

On September 11, 2013, appellant and counsel appeared before Magistrate

Judge Robert B. Jones, acknowledged the contents of the written plea agreement

(Sept. 11, Tr. 14-15), and after inquiry by the court,  formally entered a plea of guilty

to count one.  (Sept. 11, Tr. 16).  As indicated in the proffer of facts, this transaction

involved the distribution of 0.16 grams of heroin with a street value of approximately

$70.00 (Sept. 11, Tr. 17-18).

Although originally scheduled for sentencing on January 7, 2014, pursuant to

a motion by defense counsel for additional time in which  appellant could review his

pre-sentence report, the sentencing was eventually held on April 9, 2014. The pre

sentence report initially recommended a Guidelines based sentence of 87-110 months,

based on criminal history, drug amount (400-700 grams) and allegations of the

presence of a gun during the drug transactions.  Appellant objected to the increase

-4-

based on the weapons allegation.  At the sentencing hearing, the government agreed not to pursue the Guideline enhancement for weapons possession as suggested in the PSR.  (Apr. 9, Tr. 3-4) This reduced the Guideline range to 70 to 87 months.  (Apr. 4, Tr. 4)  Appellant was sentenced to a term of 87 months.(Apr. 9, Tr. 10)

On April 22, 2014, appellant filed a notice of appeal. (Doc. 37)   Sentencing counsel moved to withdraw from further representation in this Court and on May 28, 2014, and present counsel was appointed as replacement counsel on May 28, 2014. (Doc. 41)

**Summary of Arguments**

A review of the record indicates that the magistrate/judge complied with the requirements of Rule 11 of the Federal Rules of Criminal Procedure when it accepted appellant's guilty plea.

A review of the record indicates that the district court's  sentence complied with the requirements of the sentencing statute and was reasonable.

A review of the record indicates that there is no record support for the argument that appellant was rendered ineffective assistance of counsel at his plea or sentencing.

## INTRODUCTION

Appellant has advanced a two arguments to present counsel: His sentence is illegal because he pled guilty to a count which involved the transfer of 0.16 grams of heroin but was sentenced pursuant to a Guidelines assignment of 400-700 grams. He believes that he is entitled to pursue this on appeal because he was the victim of ineffectiveness of counsel at the plea and sentencing.

Finally, appellant has informed present counsel that he believes that he deserves a remand because of prosecutorial improprieties.

## I

### THE DISTRICT COURT COMPLIED WITH THE REQUIREMENTS OF RULE 11 IN ACCEPTING THE GUILTY PLEA OF APPELLANT

Although appellant has made no specific request to withdraw his plea, a complete examination of the record for *Anders* purposes should include a review for compliance with Rule 11. Present counsel has reviewed the plea hearing of September 11, 2013, for compliance with Rule 11. A copy of the transcripts produced in this case have also been provided to the appellant for his review. Counsel is unable to discover any defects in the Rule 11 proceeding.

-6-

## A. Standard of Review

The standard for appellate review of the adequacy of a guilty plea is *de novo*. *United States v. Good,* 25 F.3d 218, 219 (4th Cir. 1994). Violations of Rule 11 are evaluated under a harmless error standard. *United States v. Goins,* 51 F.3d 400, 402 (4th Cir. 1995).

Rule 11(h) itself directs that a variance from the requirements of the Rule is harmless if it does not affect substantial rights of the defendant.

In the absence of an attempt to withdraw a defendant's plea of guilty, Rule 11 violations are reviewed on appeal for plain error. *United States v. Martinez*, 277 F.3d 517 (4th Cir. 2002)

## B. Adherence to Rule 11 Requirements.

The Rule 11 inquiry was conducted by Magistrate Judge Robert B. Jones on September 11, 2013. Appellant was placed under oath. (Sept. 11, Tr. 10). At that hearing, appellant was advised of the following:

(A) The risk of prosecution for perjury if appellant made a false statement to any question during the proceeding  (Sept. 11, Tr.  10);

(B) The right to plead not guilty or persist in a not-guilty plea and the continued presumption of innocence. (Sept, 11, Tr. 2);

-7-

( C) The right to a jury trial if he wished to maintain his plea of not guilty. (Sept. 11, Tr. 2);

(D) The right to counsel at a trial and at every other stage of the proceedings. (Sept. 11, Tr. 2);

(E) The right to confront and cross examine witnesses at a trial, the right to use subpoena power to compel witness testimony, and the right not to testify. The appellant was also advised that if he chose not to testify at a trial, the jury would be instructed that such a decision could not be held against him. (Sept 11, Tr. 2-3);

(F) The waiver of those trial rights–other than the right to counsel–if a plea of guilty was entered. (Sept. 11, Tr. 3);

(G) The nature of the charge.   Appellant indicated he understood what he was charged with and waived a reading of the indictment.  (Sept. 11, Tr. 12);

(H) That the maximum possible penalty is 20 years imprisonment for both of the two counts of the indictment.  (Sept. 11, Tr. 13) Because of the quantity in the indictment, there is no mandatory minimum term for these charges. (Rule 11(b)(1)(I)).

(I) Although the government did not seek forfeiture in this case, appellant was advised of the possibility. (Sept. 11, Tr. 4);

(J) The authority of the court to order restitution. (Sept. 11, Tr. 4);

(K) The court's obligation to impose a special assessment.  (Sept. 11, Tr. 4);

-8-

(L) The sentencing court's obligation to calculate a guidelines range and consider that range, possible departures and other factors pursuant to 18 U.S.C. 3553 (Sept. 11, Tr. 5);

(M) Explained to him the terms of the waiver of the right to appeal or collaterally attack the sentence (Sept. 11, Tr. 6);

(N) The risk of removal or denial of citizenship if not a U.S. citizen. (Sept. 11, Tr. 4, 15-16);

The court also inquired into the competency of the appellant at the time of the plea to understand the terms and conditions and his mental ability enter to the plea of guilty. Appellant was found competent to enter a plea of guilty. (Sept. 11, Tr. 11-12)

The court also determined the satisfaction of the appellant with the legal services and advice given to him by counsel. (Sept. 11, Tr. 12)

In addition, an inquiry into whether all formal plea offers by the government were conveyed to the defendant was answered in the affirmative. (Sept. 11, Tr. 13-14).

At the conclusion of the government fact proffer, the court found a sufficient factual basis for the entry of the guilty plea. (Sept. 11, Tr. 17-19)  Counsel for appellant had no challenge to the factual proffer. (Sept. 11, Tr. 18) The appellant also agreed with the proffer. (Sept. 11, Tr. 18).

-9-

Appellant is correct in his proposed issue that the factual predicate for the conviction of count 1 involved the distribution of 0.16 grams of heroin on March 22, 2012. He is also correct that this was the only count to which he pled guilty. This count did not allege a conspiracy to distribute with others. The plea court in its colloquy did not explain the intricacies of related conduct under the Federal sentencing system and how that might effect the eventual number. Thus, appellant wishes to press the argument in this Court that he should only be sentenced for the 0.16 quantity contained in count one.

If the appellant intended to plead guilty only to the distribution offense of 0.16 grams of heroin on March 22, 2012, as reflected in count one and limit his sentencing exposure to just that quantity, the plea might be considered involuntary. There is no such record support for that conclusion however. The plea agreement lists the sentencing factor exposure amount as 400 to 700 grams based on related conduct from other, non-indicted drug transactions. (Doc. 25, p. 7) Appellant signed this agreement and never questioned that conclusion. That same quantity range was used in the PSR which, appellant signed, agreed with orally and which reflected no objections on that subject by the defense. Defense counsel at the time of sentencing informed the court, without any comment from the appellant, that the amount of drugs used by the PSR calculations was stipulated to by the defense as undisputed. (Apr. 4, Tr. 6)

-10-

The only available conclusion is that appellant knew at the time of sentencing that his quantity responsibility would not be limited to the 0.16 grams quantity and was fully informed of the larger quantity calculated based on related conduct.   Thus, there is no basis to argue an involuntary plea on this record.

In exchange for the plea of guilty to count one, the government agreed to dismiss at time of sentencing count two of the indictment.  The government satisfied this obligation.  (Apr. 4, Tr. 10).

Upon such a record, counsel is unable to advance any argument that the plea proceeding violated any of the requirements of Rule 11.

## II

### THE DISTRICT COURT'S SENTENCE CANNOT BE CHALLENGED ON THIS RECORD ON THE BASIS THAT IT WAS NOT REASONABLE UNDER 18 U.S.C. 3553

Although appellant has indicated that the does not feel that his sentence of 87 months is fair based on his plea to distribution of 0.16 grams of heroin, counsel is unable to advance any legitimate arguments that can attack the fairness of the sentence under either 18 U.S.C. 3553 or the decisions of this Court on that subject.

-11-

## A. Standard of Review

The standard of review for assessing the procedural adequacy of a sentence is that of reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). When a claim of procedural error is preserved in the district court, an abuse of discretion is the standard of review. *United States v. Lynn*, 592 F.3d 572, 577 (4th Cir. 2010). When there is no objection lodged, plain error is the standard. *United States v. Hernandez*, 603 F.3d 267, 272 (4th Cir. 2010).

## B. Procedural Error

The Supreme Court has directed reviewing courts to, "first ensure that the district court committed no significant procedural error." *Gall*, 552 U.S. at 51. These type of errors include failing to properly calculate the Guidelines range, treating the Guidelines as mandatory, failing to consider the sentencing factors set forth in 18 U.S.C. 3553(a), or determining a sentence based on clearly erroneous facts. *Id.* at 597

The Guidelines appear to be correctly calculated in this case. The only objection to the calculations by the defense was the upward weapons adjustment.[1] The government agreed not to proceed on that allegation and the final Guidelines were

---

[1] Counsel did also object to the PSR claim that appellant was a member of a gang. This PSR observation however did not have an impact on the Guideline calculation and the objection was ultimately withdrawn by the defense.

-12-

adjusted downward from the original calculations. (Apr. 4, Tr. 3)

Appellant's criminal history was based on a score of 17 points for prior convictions, of which only 4 points were counted pursuant to USSG §4A1.1 ( c). (PSR p. 9)  In addition, 2 points were added to the conviction figure because the offense was committed while appellant was under a criminal sentence.   USSG §4A1.1(d) (PSR, p. 9)  These six points resulted in a criminal history of Category III. There was no objection to these calculations.

Appellant's offense level calculations were based on the conclusion that he was involved in the distribution of 547.9 grams of heroin under the count pled to and related drug conduct.  This conduct was detailed in the PSR.  (PSR, pp. 3-4) This resulted in a base offense level of 28 which, as noted above, was increased by 2 points in the initial PSR for the possession of a weapon.  This final score of 30 points was reduced however by 3 points to 27 points for acceptance of responsibility under USSG §3E1.1(a) and (b). (PSR, p. 13) It was later reduced at the April 4th sentencing hearing to 25 points when the weapons enhancement was abandoned. This resulted in a final Guideline range of 70 to 87 months.  (Apr. 4, Tr. 4)  Other than the weapons question, there was no objection made by the defense to these calculations.

As part of counsel's review the following requirements of Rule 32 were reviewed and determined to be present in the record:

-13-

*(1) Disclosure of the PSR (Rule 32 (i)(1))*

The court must verify that defense counsel and appellant have read and discussed the PSR. The appellant in this case affirmed his receipt of the PSR, had read it; had enough time to discuss it with his counsel and was ready for sentencing. (Apr. 4, Tr. 2)

*(2) Findings on Disputed Matters (Rule 32(i)(3))*

The sentencing court must make findings on any disputed matters in the PSR. As noted above the only matter that altered the Guidelines calculation was the upward adjustment for a weapon. The government indicated that it would not proceed on that enhancement and asked the court to sustain the objection. (Apr. 4, Tr. 3)

The other defense objection was to gang membership, made no difference in the Guideline calculations, and was withdrawn by defense counsel at the sentencing hearing. (Apr. 4, Tr. 3) The sentencing court did adopt the findings of the PSR. (Apr. 4, Tr. 9).

*(3) Opportunity of Counsel to Address the Court on the PSR (Rule 32(i)(1)( C)*

The court must allow defense counsel to comment on the PSR. Defense counsel in the present case did make comments on the PSR without restriction by the court. (Apr. 4, Tr. 3, 5, 6)

-14-

*(4) Opportunity of Counsel to Speak on Defendant's Behalf. (Rule 32(i)(4)(A)*

Defense counsel was permitted the opportunity to speak on defendant's behalf. (Apr. 4, Tr. 5-8).

*(5) Opportunity of Appellant to Speak on his own behalf (Rule 32(i)(4)(A)(ii)*

The sentencing court must address the defendant personally and allow the defendant to speak in mitigation. The appellant was present in court for his sentencing hearing and was addressed personally by the district court. Appellant also took advantage of the opportunity to address the court on sentencing matters. (Apr. 4, Tr. 8)

*(6) Advise of Right to Appeal and to appeal in forma pauperis (Rule 32(j)(1))*

The required advice of the right to appeal also includes the requirement that a defendant be advised that he has the right to ask for permission to appeal *in forma pauperis* if he is unable to pay the costs of appeal. The appellant in this case was so advised. (Apr. 4, Tr. 11).

*(7) Fine and Restitution*

The sentencing court must determine and impose restitution if applicable. 18 U.S.C. 3663, 3663A and 3664. The government did not seek an order of restitution in this case and no finding on this subject is present.

The court must also determine the amount of forfeiture is applicable. Rule 32.2.

-15-

The government did not seek any forfeiture in this case and no finding on the subject is present.

The sentencing court may also impose a fine that is within its statutory authority. 18 U.S.C. 3571 and 3572. The court in this case concluded that the appellant did not have the ability to pay a fine. (Apr. 4, Tr. 10).

Based on this record, present counsel is unable to find any procedural errors in these computations and Guideline calculations.

## C. Substantive Reasonableness

Once a sentence has been reviewed for procedural error, a reviewing court considers the substantive reasonableness of the sentence that was imposed. This part of the review takes into account the totality of the circumstances, including the extent of any variances from the Guidelines range. If the sentence is within the Guideline range, this Court, may, but is not required to, apply a presumption of reasonableness to the terms. There was no variance motion filed in the present case. Nor was any variance or departure sought at the time of sentencing.[2]

_____

[2] The April 4th hearing transcript does have a portion which remains under seal. Although defense counsel did proffer facts which he thought might have supported a lower sentence, neither the defense nor the government sought a variance or downward departure based on this representation.

-16-

The appellant was allowed to address the court at the time of sentencing. (Apr. 4, Tr. 8) The district court then adopted the findings of the PSR (Apr. 4, Tr. 9) and proceeded to discuss its view of the §3553 factors. It had earlier observed that the criminal history calculations may have substantially understated the seriousness of his past criminal conduct. (Apr. 4. Tr. 2, 4). It concluded that only a sentence of 87 months would satisfy the purposes of sentencing. (Apr. 4, Tr. 10).

While the district court's explanation of why 87 months was the only way to satisfy the statutory requirements can be viewed as thin, this Court has concluded that a sentencing court need not "'robotically tick through § 3553(a)'s every subsection, particularly when imposing a within-Guidelines sentence." *United States v. Lynn,* 592 F.3d at 576 (quoting *United States v. Johnson*, 445 F.3d 339, 345 (4th Cir. 2006)).

Moreover, while arguments made under §3553 for a sentence different than the one that is eventually imposed are sufficient to preserve claims, *United States v. Boulware,* 604 F.3d 832, 838 (4th Cir. 2010); *United States v. Thompson,* 595 F.3d 544, 546 (4th Cir. 2010) ("[A] defendant need only ask for a sentence outside the range calculated by the court prior to sentencing in order to preserve his claim for appellate review."), if no request or objection is present, plain error review applies. *United States v. Lynn*, 592 F.3d at 577.  No such argument was raised in the present case by counsel or the appellant at the time of sentencing.

-17-

Based on this record, present counsel is unable to find any legitimate challenge in the reasonableness of the district court's sentence.

**III**

**The Present Record Does Not Contain Any Evidence To Support A Claim Of Ineffectiveness of Counsel**

Appellant recognizes that he entered into a written plea agreement which contains explicit waivers of his right to appeal.    He claims that his present appeal is not restricted by those waivers since he was rendered ineffective counsel during his plea and sentencing.  Present appellate counsel is unable to discern any evidence in the present record which supports such a claim.

**A. Standard of Review**

In order to establish ineffectiveness of counsel, the record must demonstrate (1) that his attorney's performance 'fell below an objective standard of reasonableness' and (2) that he experienced prejudice as a result, meaning that there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Dyess,* 730 F.3d 354, 361 (4th Cir. 2013); *United States v. Fugit,* 703 F.3d 248, 259 (4th Cir. 2012) (quoting *Strickland v.*

-18-

*Washington,* 466 U.S. 668, 687-88 (1984)).

## B. Lack of Any Record Evidence of Ineffectiveness

While it is possible that sentencing counsel did not fully explain the concept of related conduct as a possible basis to increase sentence terms, it is highly unlikely that this subject was not fully explained to appellant for the following reasons: (1) when he entered the plea on September 11th, he knew that count one involved only 0.16grams of heroin, but agreed in his written plea to sentence that would be measured by the 400-700 grams total amount; (2) although there were defense challenges to conclusions of the PSR, none involved quantity calculations or quantity conclusions and (3) there was no objection to the claim of defense counsel at sentencing that the quantity amount had been discussed "at length" and that the defense agreed that the approximation used in the PSR was correct. (Apr. 4, Tr. 6)

Appellant did sign his PSR and at the sentencing and raised no questions himself about this subject. Thus, every record fact points to the conclusion that there was no ineffectiveness of counsel in the area of related conduct explanations to the appellant.

There were no post trial motions in the district court that challenged the effectiveness of plea/sentencing counsel.

-19-

**IV**

**The Present Record Does Not Contain Any Evidence To
Support A Claim Of Prosecutorial Misconduct**

Appellant has suggested to present counsel that unspecified improper activities by the prosecutor in his case should call his plea and sentencing into question. When pressed for specifics, appellant advised that the U.S. Attorney's Office for the district in which he was prosecuted had been admonished in the case of *United States v. Bartko*, 728 F.3d 327 (4th Cir. 2013), *cert. denied*, __U.S.__, 134 S.Ct. 1043 (2014), and that this improper activity should invalidate his conviction.

**A. Standards of Review**

To prevail on a claim of prosecutorial misconduct, a defendant must show (1) that the prosecutor's conduct was, in fact, improper and (2) that such conduct prejudiced the defendant to such an extent as to deprive the defendant of a fair trial. *United States v. Allen*, 491 F.3d 178, 191 (4th Cir. 2007). If a claim of prosecutorial misconduct is not raised in the district court, this Court reviews such claims for plain error only. *United States v. Alerre*, 430 F.3d 681, 689 (4th Cir. 2005).

**B. There Is No Record Evidence Of Prosecutorial Misconduct**

A review of the court records indicate that the Assistant United States Attorneys who served as the plea and sentencing prosecutor in the present case were not the same as in *Bartko*. More importantly, appellant has never been able to suggest to present counsel precisely what improprieties were committed in his case. It should be noted that the irregularities criticized in *Bartko* involved discovery matters. There were no discovery issues raised in the present case.

Prosecutorial misconduct, in any form, was never raised by either of appellant's plea/sentencing attorneys. Nor were there any post trial efforts to allege any misconduct. Present counsel can find no factual basis in the present record on which to advance such an issue.

**V**

**The *Anders* Procedures**

Appellant has been informed by present counsel that in the event no meritorious issues can be developed in his appeal case it will be the responsibility of counsel to file a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Counsel has explained that such a brief will discuss what issues have been reviewed by counsel and suggested by the appellant. Appellant has been told, in writing, that the brief will also contain an explanation of why counsel does not see any merit in the

-21-

issues considered and will ask permission to withdraw from the case. Appellant has been informed, in writing, that he will have the opportunity to respond to the Court, in writing, about his views of why the conclusions in the *Anders* brief are incorrect and to advise the Court about whatever issues he thinks should be considered in the appeal.

Appellant has further been informed that if the Court disagrees with the conclusion of present counsel and feels that there are meritorious issues present, current counsel may be directed to brief the issue or new counsel may be appointed for that purpose.

## VI

## Motion of Counsel to Withdraw

Undersigned appointed counsel in this matter, hereby moves this Court to permit him to withdraw from further representation in this matter pursuant to *Anders v. California*, 386 U.S. 738 (1967); *Penson v. Ohio*, 488 U.S. 75 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429 (1988).

Counsel is unable at this time to advance any non-frivolous issues in support of a challenge to the plea or sentence in this matter. *See, Jones v. Barnes*, 463 U.S. 745 (1983); *Ellis v. United States,* 356 U.S. 674 (1958). As a result, counsel has concluded that any appeal would be "wholly frivolous" and without merit. *See,*

-22-

*generally, United States v. Stephens*, 530 F.2d 971 (4th Cir. 1975); *United States v. McCoy*, 518 F.2d 1293 (4th Cir. 1975); *United States v. Montgomery,* 519 F.2d 1400 (4th Cir. 1975).

## CONCLUSION

For the foregoing reasons, appointed counsel for Appellant respectfully requests that he be permitted to withdraw from further representation in this matter.

Respectfully submitted,

/s/

Dennis M. Hart
Appointed Counsel for Appellant
1301 Pennsylvania Avenue N.W.
Suite 500
Washington, D.C. 20004
202.347.1820

-23-

# Certificate of Compliance

1. This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 28,1(e)(2) or 32(a)(7)(B) because it contains no more than 5,246 words excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Wordperfect X6 in 14 point Times New Roman.


Dated: August 25, 2014                          /s/ Dennis M. Hart

                                                Counsel for Appellant

## CERTIFICATE OF SERVICE

I, Dennis M. Hart, certify that a true and correct copy of the foregoing Brief and Motion of Counsel to Withdraw was served, by the Court's EFC system, on the following this 25th day of August, 2014:

> AUSA Jennifer P. May-Parker
> Office of the United States Attorney
> 310 New Bern Avenue
> Suite 800
> Raleigh, North Carolina 27601

and by mail, with first class postage prepaid, upon the following this 25th day of August , 2014:

> Tyrone Yancey
> 57609-056
> FCI Cumberland
> P.O. Box 1000
> Cumberland, Maryland 21501

> /s/
> Dennis M. Hart